**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Julissa Feliciano, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Promotion In Motion, Inc.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Julissa Feliciano ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Promotion In Motion, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to her, which are based on her personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of consumers who purchased Welch's Zero Sugar Fruity Bites marketed as containing zero sugar (collectively, the "Products"). The Products include Berries 'N Cherries, Mixed Fruit, and Island Fruits flavors.

2. Defendant markets and advertises the Products on their front labels as containing "ZERO SUGAR" (the "Zero Sugar Representation"). However, unbeknownst to consumers, the Products contain sugar in the form of allulose. Allulose is a monosaccharide and therefore a sugar under the applicable federal labeling standards.

3. Based on their ingredient composition and label declarations, the Products contain at least approximately 3 grams of allulose. The Products' labels also list allulose without the

ingredient marker prescribed for a zero-sugar claim. 21 C.F.R. § 101.60(c)(1)(i)–(ii). Defendant's Zero Sugar Representation is therefore false, misleading, and impermissible.

4. Accordingly, Plaintiff brings claims against Defendant for violations of (1) New York General Business Law §§ 349 and 350; (2) state consumer-protection statutes; (3) breach of express warranty; (4) intentional misrepresentation; and (5) unjust enrichment.

## PARTIES

5. Plaintiff Julissa Feliciano is a citizen of New York residing in Brooklyn, New York. While residing there, Plaintiff Feliciano purchased Defendant's Welch's Zero Sugar Fruity Bites, Mixed Fruit for her personal use through Amazon.com on August 5, 2025, for $2.99. Prior to making her purchase, Plaintiff saw and relied on the Zero Sugar Representation on the Product's front label. Based on this representation, Plaintiff reasonably believed that the Product contained no sugar. Plaintiff relied on this representation when she decided to purchase the Product. Accordingly, this representation was part of the basis of her bargain, in that Plaintiff would not have purchased the Product on the same terms had she known that the representation was untrue. Furthermore, in making her purchase, Plaintiff paid a price premium due to Defendant's false and misleading Zero Sugar Representation. Plaintiff, however, did not receive the benefit of the bargain because the Product was not, in fact, free of sugar. Instead, it was sweetened with allulose, a sugar, in an amount of at least approximately 3 grams per serving. Had Plaintiff known that Defendant's Zero Sugar Representation was false, she would not have purchased the Product or would have paid substantially less for it.

6. Defendant Promotion In Motion, Inc. is a Delaware corporation with its principal place of business in Park Ridge, New Jersey. Defendant formulates, labels, markets, distributes, and/or sells the Products throughout New York and the United States, including in this District.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), because the proposed Classes include more than 100 members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Class Member is a citizen of a state different from Defendant.

8. This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Products. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase of the Product.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District, including Plaintiff's purchase of the Product.

## FACTUAL ALLEGATIONS

### A. Consumers Seek Out and Pay More for Products That Contain No Sugar

10. Consumer demand for products without sugar is well documented. A 2022 nationwide survey found that 73% of Americans ages 18 to 80 reported trying to limit or avoid sugars.[1]

11. That demand accords with widespread public-health guidance. The 2025–2030 Dietary Guidelines for Americans state that no amount of added sugars is recommended or considered part of a healthy or nutritious diet and that one meal should contain no more than 10

[1] International Food Information Council, 2022 Food & Health Survey 57 (May 18, 2022), https://ific.org/wp-content/uploads/2022/06/IFIC-2022-Food-and-Health-Survey-Report-May-2022.pdf.

grams of added sugars.[2] The World Health Organization recommends limiting free sugars to less than 10 percent of total daily energy intake and states that limiting them further to 5 percent or less may provide additional health benefits.[3] The American Heart Association recommends limiting added sugars to no more than 6 percent of daily calories.[4] This guidance reinforces consumers' attention to categorical representations about whether products contain sugar.

12. Food and beverage manufacturers are acutely aware of this demand and of the premium consumers will pay to satisfy it. Products labeled "zero sugar" command higher prices than comparable products that do not bear that claim, and manufacturers reserve the principal display panel of their packaging for the claims they believe will most motivate a purchase.

13. Defendant has capitalized on that demand. It markets allulose formulations of the Products while labeling and advertising them with the Zero Sugar Representation. Defendant thereby obtained an unfair competitive advantage over competitors whose zero-sugar claims are true, at the expense of unwitting consumers.

**B. Defendant's Representation and Warranty**

14. Defendant prominently represents on each Product's front label that it contains "ZERO SUGAR."

15. Products and the Zero Sugar Representation are depicted below:

[2] U.S. Department of Health and Human Services & U.S. Department of Agriculture, Dietary Guidelines for Americans, 2025–2030, at 5 (Jan. 2026), https://cdn.realfood.gov/DGA.pdf

[3] World Health Organization, Healthy Diet (Jan. 26, 2026), https://www.who.int/news-room/fact-sheets/detail/healthy-diet

[4] American Heart Association, Added Sugars, https://www.heart.org/en/healthy-living/healthy-eating/eat-smart/sugar/added-sugars




*Welch's Zero Sugar Fruity Bites, Berries 'N Cherries: "ZERO SUGAR."*






*Welch's Zero Sugar Fruity Bites, Mixed Fruit: "ZERO SUGAR."*



Calorie content has been reduced from 90 Calories to 70 Calories per 30g serving

Not intended to replace fresh fruit in the diet.

**Nutrition Facts**

About 3 Servings Per Container

**Serving Size** **15 pieces (30g)**

| | Per serving | | Per container | |
|---|---|---|---|---|
| **Calories** | **70** | | **190** | |
| | | % Daily Value* | | % Daily Value* |
| **Total Fat** | 0g | **0%** | 0g | **0%** |
| **Sodium** | 10mg | **0%** | 30mg | **1%** |
| **Total Carb.** | 22g | **8%** | 62g | **23%** |
| Total Sugars | 0g | | 0g | |
| Includes Added Sugars | 0g | **0%** | 0g | **0%** |
| Sugar Alcohol | 13g | | 37g | |
| **Protein** | 1g | | 3g | |

Not a significant source of saturated fat, trans fat, cholesterol, dietary fiber, vitamin D, calcium, iron, and potassium.

*The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

**INGREDIENTS:** MALTITOL, ALLULOSE, MALTODEXTRIN, MODIFIED CORN STARCH, GELATIN, CITRIC ACID, NATURAL AND ARTIFICIAL FLAVORS, COCONUT OIL, CARNAUBA WAX, RED 40 AND BLUE 1.

EXCESS CONSUMPTION MAY HAVE A LAXATIVE EFFECT. INDIVIDUAL TOLERANCE WILL VARY; WE SUGGEST STARTING WITH HALF SERVING OR LESS.




*Welch's Zero Sugar Fruity Bites, Island Fruits: "ZERO SUGAR."*




| | Per serving | | Per container | |
|---|---|---|---|---|
| Calories | 70 | | 190 | |
| | | % Daily Value* | | % Daily Value* |
| Total Fat | 0g | 0% | 0g | 0% |
| Sodium | 10mg | 0% | 30mg | 1% |
| Total Carb. | 22g | 8% | 62g | 23% |
| Total Sugars | 0g | | 0g | |
| Includes Added Sugars | 0g | 0% | 0g | 0% |
| Sugar Alcohol | 13g | | 37g | |
| Protein | 1g | | 3g | |

Not a significant source of saturated fat, trans fat, cholesterol, dietary fiber, vitamin D, calcium, iron, and potassium.

*The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

16. Defendant disseminated the Zero Sugar Representation through the Products' packaging and reproductions of their front-label images on Amazon.com and other retail product pages. Defendant authored, created, supplied, authorized, approved, adopted, and disseminated the materially uniform front-label images used on those pages.

17. The Zero Sugar Representation communicates to reasonable consumers that the Products contain no sugar. That is the plain and ordinary meaning of "ZERO SUGAR." Despite this, the Products contain at least approximately 3 grams of allulose—a sugar—per labeled serving.

18. The Products' information panels reinforce, rather than cure, the materially misleading impression created by the Zero Sugar Representation. The Nutrition Facts panels declare 0 grams of Total Sugars and 0 grams of Added Sugars, making it impossible for reasonable consumers to discover from the labeling that the Products contain sugar in the form of allulose.

### C. Allulose Is a Sugar

19. Allulose is a sugar.

20. Chemically, allulose is a monosaccharide. It is the C-3 epimer of D-fructose, meaning that allulose and fructose have the same molecular formula and connectivity but differ in the spatial orientation of a hydroxyl group at the third carbon. "D-allulose, a C-3 epimer of D-fructose, is a rare monosaccharide used as a food ingredient or a sweetener."[5] Allulose is accordingly "a rare sugar," and "a monosaccharide that is low in calories and that maintains approximately 70% of sweetness relative to sugar."[6]

---

[5]Han-Joo Maeng *et al.*, Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol, 8 Foods art. 448, at 1 (2019), https://doi.org/10.3390/foods8100448.

[6]Youngji Han *et al.*, Gastrointestinal Tolerance of D-Allulose in Healthy and Young Adults. A Non-Randomized Controlled Trial, 10 Nutrients art. 2010, at 1–2 (2018), https://doi.org/10.3390/nu10122010.

21. Allulose is not merely a sugar as a matter of chemical classification. It is used as one. Allulose has "70% of the sweetness of sucrose, which means it is viewed as a potential alternative sweetener."[7] The food-science literature describes allulose and other rare sugars as "monosaccharides with sweetness similar to those as caloric sugars, but [with] low caloric values," which "are now widely used as sugar substitutes."[8]

22. Because allulose is less sweet than table sugar, it is used in gram-scale quantities as a bulk sweetener. High-intensity sweeteners such as saccharin, aspartame, acesulfame potassium, neotame, sucralose, and advantame are approximately 200 to 20,000 times as sweet as sucrose.[9] By contrast, allulose has approximately 70% of sucrose's sweetness and is used in gram-scale quantities as a bulk sweetener.[10]

23. Allulose also behaves like sugar in food. "It is convenient for the food industry to use D-allulose, as its chemical properties are similar to those of fructose in terms of solubility, water activity, and viscosity."[11] It is used as "a partial replacement of added sugars."[12] Allulose is "widely regarded as a promising substitute for sucrose"—that is, a substitute for table sugar, and one that is itself a sugar.[13]

24. The Food and Drug Administration ("FDA") has recognized that allulose is a sugar. In its 2016 Nutrition Facts rulemaking, FDA stated that allulose, "as a monosaccharide, must be

---

[7]Maeng *et al.*, supra note 5, at 2.
[8]*Id.* at 9–10.
[9]U.S. Food & Drug Administration, Aspartame and Other Sweeteners in Food, https://www.fda.gov/food/food-additives-petitions/aspartame-and-other-sweeteners-food (last visited Aug. 18, 2026).
[10]Mengting Tao, Wenli Zhang & Wanmeng Mu, D-Allulose: A New Generation of Potential Bulk Sweeteners in the Food Industry, 73 J. Agric. & Food Chem. 27,833, 27,833–35 (2025) (Viewpoint), https://doi.org/10.1021/acs.jafc.5c13620.
[11]Han *et al.*, supra note 6, at 10.
[12]*Id.*
[13]Wenli Zhang et al., D-Allulose, a Versatile Rare Sugar: Recent Biotechnological Advances and Challenges, 63 Critical Revs. Food Sci. & Nutrition 5661, 5661 (2023) (published online Dec. 29, 2021), https://doi.org/10.1080/10408398.2021.2023091.

included" in the Total Sugars declaration pending any future rulemaking that would otherwise exclude the substance.[14] The current regulation continues to define Total Sugars as "the sum of all free mono- and disaccharides" and contains no allulose exclusion. 21 C.F.R. § 101.9(c)(6)(ii).

25. The Calorie Control Council likewise describes allulose under the heading "Allulose is a Naturally Occurring Sugar" and states that "[a] monosaccharide, or simple sugar, allulose is absorbed by the body, but not metabolized, so it is nearly calorie-free."[15]

26. The Products' ingredient statements list allulose second, immediately after maltitol and before maltodextrin, modified corn starch, gelatin, and trace ingredients. Ingredients must be listed in descending order of predominance by weight unless those present at 2 percent or less are grouped after a quantifying phrase, and no such phrase appears here. 21 C.F.R. § 101.4(a)(1)–(2). Allulose is therefore present in at least as great an amount by weight as maltodextrin, modified corn starch, and gelatin.

27. Each 30-gram labeled serving declares 22 grams of Total Carbohydrate, 13 grams of Sugar Alcohol, 0 grams of Total Sugars, and 0 grams of Added Sugars, and states that the Products are not a significant source of dietary fiber — meaning less than 1 gram rather than zero. 21 C.F.R. § 101.9(c)(6), (c)(6)(i)–(iv). Each figure is expressed to the nearest gram.

28. Subtracting the declared sugar alcohol and sugars from the declared Total Carbohydrate leaves approximately 9 grams of carbohydrate per serving. Applying the whole-gram rounding envelope to each declared figure, together with the maximum dietary fiber consistent with Defendant's own statement, the remainder is no less than approximately 6.5 grams. From the ingredients listed in the Products, only allulose, maltodextrin, and modified corn starch

---

[14]Food Labeling: Revision of the Nutrition and Supplement Facts Labels, 81 Fed. Reg. 33,742, 33,796 (May 27, 2016).
[15]Calorie Control Council, Allulose, https://caloriecontrol.org/ingredients/sweeteners/allulose/ (last visited September 1, 2026).

contribute to those carbohydrates—maltitol is accounted for in the sugar-alcohol declaration, gelatin is a protein, and the remaining ingredients are present at trace levels.

29. Because allulose precedes both maltodextrin and modified corn starch in descending order of predominance, allulose contributes at least as much carbohydrate per unit weight as either, and no less than one-third of the remainder — approximately 2.2 grams per serving at the most conservative reading of Defendant's declarations, and approximately 3 grams at the declared values. Either figure exceeds the 0.5-gram threshold governing the Zero Sugar Representations by more than fourfold.

30. The protein declaration independently confirms that allulose is not a trace ingredient. Gelatin appears to be the Products' only protein source, and a declared 1 gram of protein corresponds to approximately 0.5 grams. 21 C.F.R. § 101.9(c)(7). Gelatin is a protein produced by partial hydrolysis of collagen, so its mass cannot be less than its protein content. [16] Because allulose is listed before gelatin, the Products contain at least 0.5 grams of allulose per serving on this measure alone.

**D. The Products Violate the FDA Nutrient Content Regulations**

31. Congress empowered the FDA to oversee and regulate food labeling by enacting the Federal Food, Drug, and Cosmetic Act, as amended by the Nutrition Labeling and Education Act, 21 U.S.C. § 301 et seq. FDA promulgated the relevant food-labeling regulations in 21 C.F.R. part 101.

32. FDA regulations distinguish mandatory or permitted declarations within the Nutrition Facts panel from nutrient-content claims appearing elsewhere on a label or in labeling. Information appearing as part of the Nutrition Facts panel is not itself a nutrient-content claim. 21

---

[16] Joint FAO/WHO Expert Committee on Food Additives, Edible Gelatin, Combined Compendium of Food Additive Specifications, FAO JECFA Monographs 1 (2006), at 1–2, https://www.fao.org/fileadmin/user_upload/jecfa_additives/docs/Monograph1/Additive-171.pdf (defining edible gelatin as “a protein produced by partial hydrolysis of collagen”).

C.F.R. § 101.13(c). By contrast, the Zero Sugar Representation appears outside the Nutrition Facts panel on the Products' front labels and expressly characterizes the level of sugar in the Products.

33. Nutrient-content claims are strictly forbidden unless specifically allowed under FDA regulations. 21 C.F.R. § 101.13(b) ("A claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under § 101.9 or under § 101.36 (that is, a nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D . . . .").

34. The Zero Sugar Representation is a nutrient-content claim because it expressly characterizes the level of sugar. 21 C.F.R. § 101.13(b). As such, it is governed by 21 C.F.R. §§ 101.13 and 101.60(c)(1).

35. Section 101.60(c)(1) specifically governs the use of the "zero sugar" nutrient-content claim at issue here. As relevant here, paragraph (i) provides that a zero sugar claim may not be used on the label or in labeling of a food unless:

> (i) The food contains less than 0.5 g of sugars, as defined in § 101.9(c)(6)(ii), per reference amount customarily consumed and per labeled serving or, in the case of a meal product or main dish product, less than 0.5 g of sugars per labeled serving; and

36. Paragraph (ii) separately provides that the claim may not be used on the label or in labeling of a food unless:

> (ii) The food contains no ingredient that is a sugar or that is generally understood by consumers to contain sugars unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietarily insignificant amount of sugar."

37. The requirements of 21 C.F.R. § 101.60(c)(1)(i)–(ii) are conjunctive; each must be satisfied.

38. First, § 101.60(c)(1)(i) incorporates § 101.9(c)(6)(ii), which defines Total Sugars as the sum of all free mono- and disaccharides. Allulose, as a free monosaccharide epimer of fructose, falls squarely within that definition and must be included when determining compliance with the 0.5-gram threshold. On information and belief, each 30-gram labeled serving of the Products contains at least approximately 3 grams of allulose.

39. Second, the Product labels violate § 101.60(c)(1)(ii). Allulose is a sugar ingredient, yet its listing is not followed by an asterisk keyed to any prescribed statement that it adds a trivial, negligible, or dietarily insignificant amount of sugar. This condition contains no quantity threshold and applies to the literal Zero Sugar Representation even if the exact allulose quantity remains disputed. The omission is established by the face of the labels and does not depend on the amount of allulose.

40. Because the Products' labels and labeling bear a false, misleading, and impermissible outside-panel nutrient-content claim, the Products are misbranded under federal law. 21 U.S.C. § 343(a)(1), (r)(1)(A); 21 C.F.R. §§ 101.9(c)(6)(ii), 101.12(b), tbl. 2, 101.13(b), (c), and 101.60(c)(1)(i)–(ii).

**E. Defendant's Conduct Violates New York Food Labeling Laws**

41. Defendant's marketing, advertising, distribution, and sale of the Products violate the misbranding provisions of New York's food-labeling standards prohibiting the misbranding of food. New York Agriculture and Markets Law § 201(1) provides that food "shall be deemed to be misbranded . . . [i]f its labeling is false or misleading in any particular." N.Y. Agric. & Mkts. Law § 201(1). Section 199-a(1) prohibits any person, firm, association, or corporation from manufacturing, producing, processing, packing, transporting, possessing, selling, or offering or

exposing for sale within this state any article of food that is misbranded within the meaning of that article. *Id.* § 199-a(1).

42. New York law separately prohibits false advertising of food. Section 202-a(1) provides that "[a]n advertisement concerning a food or food product shall not be false or misleading in any particular." *Id.* § 202-a(1). An "advertisement" means all representations disseminated in any manner or by any means, other than by labeling, for the purpose of inducing, or which are likely to induce, directly or indirectly, the purchase of a food or food product. *Id.* § 198(5). Defendant's reproductions of the Zero Sugar Representation in front-label images disseminated online are advertisements within that definition.

43. Because the Zero Sugar Representation fails one or more independent conditions in 21 C.F.R. § 101.60(c)(1)(i)–(ii), the Products' labeling is false and misleading in a material respect; the Products are misbranded under federal law and New York's food-labeling standards, and Defendant's advertising, distribution, and sale of the Products is unlawful.

**F. Reasonable Consumers Cannot Detect Defendant's Deception**

44. Reasonable consumers rely on the conspicuous Zero Sugar Representation at the point of sale. Consumers are not required to search elsewhere on a package or retail product page to contradict an express representation.

45. In an in-store observational study of 11,781 grocery shoppers in six European countries—the United Kingdom, Sweden, France, Germany, Poland, and Hungary—62.6% of shoppers were observed looking at the front of the first product they bought, while only 7.7% were observed looking at that product elsewhere.[17]

---

[17] Klaus G. Grunert et al., Use and Understanding of Nutrition Information on Food Labels in Six European Countries, 18 J. Pub. Health 261, 266 (2010), https://doi.org/10.1007/s10389-009-0307-0.

46. In one observational study of 802 supermarket shoppers, the mean time between arriving at and departing from a product-category display was less than twelve seconds.[18]

47. Allulose is not a common household name. Reasonable consumers, including Plaintiff, are unlikely to recognize the term or to infer from the ingredient list alone that it is a sugar.

48. A consumer who reviews the Nutrition Facts panel encounters declarations of 0 grams of Total Sugars, 0 grams of Added Sugars, 22 grams of Total Carbohydrate, and 13 grams of Sugar Alcohol per 30-gram serving. Those entries do not separately disclose allulose, explain that allulose is a free monosaccharide and sugar, or expressly disclose the Product's allulose amount, and therefore do not cure the front-label Zero Sugar Representation.

49. Consumers are not required to conduct independent scientific testing or research into the chemical classification of listed ingredients to verify express labeling claims. Reasonable consumers do not possess specialized knowledge of carbohydrate or sugar alcohol chemistry. Defendant is responsible for ensuring that its express labeling and marketing claims are truthful and not misleading.

**G. Defendant Knew the Zero Sugar Representation Was False**

50. Defendant knew, or should have known, that the Zero Sugar Representation was false, misleading, deceptive, and unlawful when it marketed, advertised, labeled, distributed, and sold the Products. Specifically, Defendant knew that (a) the Products contain allulose; (b) allulose is a sugar; (c) the Zero Sugar Representation communicated that the Products contained no sugar; (d) reasonable consumers would rely on the Zero Sugar Representation when purchasing; (e) consumers would not receive the represented benefit of the bargain; (f) the Zero Sugar

[18] Peter R. Dickson & Alan G. Sawyer, The Price Knowledge and Search of Supermarket Shoppers, 54 J. Marketing 42, 47 (1990), https://doi.org/10.1177/002224299005400304.

Representation enabled Defendant to charge a premium; and (g) the ingredient statements did not contain the marker prescribed by § 101.60(c)(1)(ii).

51. Defendant, as the formulator, marketer, and distributor of the Products, controlled, authored, supplied, authorized, approved, adopted, or materially participated in making the Zero Sugar Representation on the Products' front labels. Defendant could have stopped using the Zero Sugar Representation, ensured that it was true, or used any required qualification. Despite its knowledge that consumers reasonably rely on the Zero Sugar Representation, Defendant chose to continue using it, thereby causing consumers to buy or overpay for the Products.

### H. Defendant's Zero Sugar Representation Injured Plaintiff and the Classes

52. Defendant concealed or failed to disclose material facts about the Products, including (a) allulose's status as a monosaccharide sweetener; (b) the inferred material quantity of allulose; (c) allulose's position as the second listed ingredient and its role in the Products; (d) the facts that render the Zero Sugar Representation false, misleading, or noncompliant under 21 C.F.R. § 101.60(c)(1)(i)–(ii); and (e) the fact that the Products are misbranded under federal and New York law when sold bearing the Zero Sugar Representation.

53. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive Zero Sugar Representation and omissions, Defendant injured Plaintiff and the Class Members in that they: (a) paid money for products that were not as represented; (b) paid a premium for the Products; (c) were deprived of the benefit of their bargains; and (c) purchased misbranded Products that could not lawfully have been sold because they violate the FDA and New York's food labeling regulations.

54. Accordingly, Plaintiff and the Class Members suffered injury in fact and lost money or property because of Defendant's wrongful conduct.

## CLASS ALLEGATIONS

55. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). The proposed classes are defined below (collectively, the "Classes"):

> **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Defendant's Products for their personal use.
>
> **State Consumer Protection Subclasses:** For each of the following jurisdictions, a subclass is defined as all persons who, during the maximum period of time permitted by law, purchased one or more of the Products for personal use in that jurisdiction: Alaska, Arizona, Colorado, Delaware, Florida, Hawaii, Idaho, Illinois, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Vermont, Virginia, Washington, and the District of Columbia. Each such subclass is referred to by the name of the jurisdiction followed by "Subclass" (e.g., the "New York Subclass") and collectively as the "State Subclasses."

56. The Classes do not include: (1) Defendant or its officers or directors; (2) the Judge or Magistrate Judge assigned to this action; (3) the assigned Judge's or Magistrate Judge's staff and family; or (4) Plaintiff's counsel or Defendant's counsel.

57. Plaintiff reserves the right to amend the class definitions and add classes or subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

58. **Community of Interest:** There is a well-defined community of interest among members of the Classes, and the disposition of their claims in a single action will provide substantial benefits to all parties and to the Court.

59. **Numerosity:** While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number at least in the thousands. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

60. **Existence and Predominance of Common Questions of Law and Fact:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether allulose is a sugar;

(b) Whether the Products were accurately represented as containing zero sugar, including whether they contain at least approximately 0.5 gram of sugar and otherwise satisfy the conditions in 21 C.F.R. § 101.60(c)(1)(i)–(ii);

(c) Whether reasonable consumers would understand Defendant's Zero Sugar Representation and warranty concerning the Products to be untrue and misleading;

(d) Whether Defendant's Zero Sugar Representation and warranty were material;

(e) Whether the Products are misbranded under federal law;

(f) Whether Defendant was unjustly enriched as a result of the unlawful conduct alleged in this Complaint;

(g) Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount of those damages;

(h) Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

(i) Whether Plaintiff and the members of the Classes are entitled to attorneys' fees and costs.

61. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes because Plaintiff was exposed to Defendant's Zero Sugar Representation, purchased one of the Products in reliance on the Zero Sugar Representation, and suffered the same type of economic loss alleged for Class Members who purchased the Products.

62. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative because she has no interests adverse to those of the Classes, is committed to the vigorous prosecution of this action, and has retained skilled and experienced counsel.

63. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because the expense and burden of individual litigation make it economically unfeasible for members of the Classes to seek redress outside a class action. Even if Class Members could afford individual litigation, the resulting burden on the courts would be substantial. Individualized litigation would also create a risk of varying, inconsistent, or contradictory judgments and would magnify delay and expense by requiring multiple trials of the same factual issues. By contrast, maintaining this action as a class action with respect to some or all issues presents fewer management difficulties, conserves the resources of the parties and courts, and protects each Class Member's rights. Plaintiff anticipates no difficulty in managing this action as a class action. Classwide relief is essential to compel compliance with applicable consumer-protection laws. Separate actions could also subject Defendant to inconsistent obligations.

## CAUSES OF ACTION

### COUNT I
### Violation of N.Y. Gen. Bus. Law § 349
### (On Behalf of Plaintiff Feliciano and the New York Subclass)

64. Plaintiff Feliciano hereby incorporates the foregoing allegations as if fully set forth herein.

65. Plaintiff Feliciano brings this claim individually and on behalf of the New York Subclass against Defendant.

66. New York General Business Law § 349 declares unlawful "[u]nfair, deceptive, or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a).

67. Defendant is a "person" engaged in "business, trade or commerce" within the meaning of GBL § 349, and its marketing, labeling, distribution, and sale of the Products to New York consumers constitute business, trade, or commerce in New York.

68. Defendant's conduct was consumer-oriented. Defendant marketed and sold the Products to the public through uniform front labeling directed to consumers, including New York consumers. Defendant profited by making the Zero Sugar Representation even though the Products contain sugar in the form of allulose.

69. Defendant engaged in deceptive acts and practices by falsely representing on the Products' front labels that the Products contain zero sugar even though they contain sugar in the form of allulose.

70. The Zero Sugar Representation was material and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

71. A reasonable consumer would understand the Zero Sugar Representation to mean that the Products contain no sugar when, in fact, they contain allulose.

72. Plaintiff and members of the New York Subclass were injured as a result of Defendant's deceptive acts and practices.

73. In reliance on the Zero Sugar Representation, Plaintiff Feliciano and members of the New York Subclass paid a premium for Products they otherwise would not have purchased, or would have purchased only at a lower price, and received Products worth less than what they paid. Had they known that the Products contained allulose and were not accurately represented as containing zero sugar, Plaintiff Feliciano and members of the New York Subclass would not have purchased the Products or would have paid significantly less for them.

74. Defendant made the Zero Sugar Representation willfully and knowingly and with reckless disregard for the truth.

75. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed one thousand dollars; and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of N.Y. Gen. Bus. Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

76. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

77. Plaintiff brings this claim individually and on behalf of the New York Subclass against Defendant.

78. New York General Business Law § 350 provides that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful." N.Y. Gen. Bus. Law § 350.

79. GBL § 350-a(1) defines "false advertising" as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," and provides that, "[i]n determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations." N.Y. Gen. Bus. Law § 350-a(1).

80. Defendant's labeling and advertising of the Products constitute "advertising" within the meaning of GBL § 350-a(1).

81. Defendant engaged in false advertising by representing on the Products' front labels that the Products contain zero sugar even though they contain sugar in the form of allulose.

Defendant's advertising was misleading in a material respect and failed to reveal facts material in light of the Zero Sugar Representation.

82. The Zero Sugar Representation was material and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

83. Plaintiff and members of the New York Subclass relied on Defendant's false advertising and were injured as a result. They paid a premium for Products they otherwise would not have purchased, or would have purchased only at a lower price, and received Products worth less than what they paid. Had they known the truth, Plaintiff and members of the New York Subclass would not have purchased the Products or would have paid significantly less for them.

84. Defendant made the Zero Sugar Representation willfully and knowingly and with reckless disregard for the truth.

85. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed ten thousand dollars; and reasonable attorneys' fees and costs.

**COUNT III**
**Violation of Alaska Statutes § 45.50.471**
**(On Behalf of Plaintiff and the Alaska Subclass)**

86. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

87. Alaska Statutes § 45.50.471 prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

88. In its sale of the Products throughout the State of Alaska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Alaska Statutes § 45.50.471.

89. The Alaska Subclass members are consumers who purchased Defendant's Products for their personal use.

90. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

91. The foregoing deceptive acts and practices were directed at consumers.

92. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

93. As a result of Defendant's deceptive practices, the Alaska Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

94. On behalf of herself and the Alaska Subclass members, Plaintiff seeks to recover three times the actual damages for each unlawful act or practice, or $500 for each unlawful act or practice, whichever is greater, and other necessary and proper relief as provided under Alaska Statutes § 45.50.531.

**COUNT IV**
**Violation of Arizona Revised Statutes § 44-1522**
**(On Behalf of Plaintiff and the Arizona Subclass)**

95. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

96. Arizona Revised Statutes § 44-1522 prohibits deceptive acts or practices in the conduct of any trade or commerce.

97. In its sale of the Products throughout the State of Arizona, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Arizona Revised Statutes § 44-1522.

98. The Arizona Subclass members are consumers who purchased Defendant's Products for their personal use.

99. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

100. The foregoing deceptive acts and practices were directed at consumers.

101. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

102. As a result of Defendant's deceptive practices, the Arizona Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

103. On behalf of herself and the Arizona Subclass members, Plaintiff seeks to recover actual damages, and punitive damages if Defendant's conduct was wanton or reckless, together with costs, pursuant to the private right of action recognized under Arizona Revised Statutes § 44-1533.

**COUNT V**
**Violation of Colorado Revised Statutes § 6-1-105**
**(On Behalf of Plaintiff and the Colorado Subclass)**

104. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

105. Colorado Revised Statutes § 6-1-105 prohibits deceptive trade practices in the course of a person's business, vocation, or occupation.

106. In its sale of the Products throughout the State of Colorado, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Colorado Revised Statutes § 6-1-105.

107. The Colorado Subclass members are consumers who purchased Defendant's Products for their personal use.

108. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

109. The foregoing deceptive acts and practices were directed at consumers.

110. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

111. As a result of Defendant's deceptive practices, the Colorado Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

112. On behalf of herself and the Colorado Subclass members, Plaintiff seeks to recover actual damages and reasonable attorney fees and costs, as provided under Colorado Revised Statutes § 6-1-113(2.9).

**COUNT VI**
**Violation of Delaware Code Title 6 § 2513**
**(On Behalf of Plaintiff and the Delaware Subclass)**

113. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

114. Delaware Code Title 6 § 2513 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

115. In its sale of the Products throughout the State of Delaware, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Delaware Code Title 6 § 2513.

116. The Delaware Subclass members are consumers who purchased Defendant's Products for their personal use.

117. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

118. The foregoing deceptive acts and practices were directed at consumers.

119. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

120. As a result of Defendant's deceptive practices, the Delaware Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

121. On behalf of herself and the Delaware Subclass members, Plaintiff brings this claim pursuant to the private right of action provided under Delaware Code Title 6 § 2525, and seeks to recover actual damages, together with costs, as well as punitive damages if the fraud is found to be gross, oppressive, or aggravated.

**COUNT VII**
**Violation of Florida Statutes § 501.204**
**(On Behalf of Plaintiff and the Florida Subclass)**

122. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

123. Florida Statutes § 501.204 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

124. In its sale of the Products throughout the State of Florida, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Florida Statutes § 501.204.

125. The Florida Subclass members are consumers who purchased Defendant's Products for their personal use.

126. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

127. The foregoing deceptive acts and practices were directed at consumers.

128. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

129. As a result of Defendant's deceptive practices, the Florida Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

130. On behalf of herself and the Florida Subclass members, Plaintiff seeks to recover actual damages, attorneys' fees, and court costs as provided under Florida Statutes §§ 501.211 and 501.2105.

**COUNT VIII**
**Violation of Hawaii Revised Statutes § 480-2**
**(On Behalf of Plaintiff and the Hawaii Subclass)**

131. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

132. Hawaii Revised Statutes § 480-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

133. In its sale of the Products throughout the State of Hawaii, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Hawaii Revised Statutes § 480-2.

134. The Hawaii Subclass members are consumers who purchased Defendant's Products for their personal use.

135. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products

contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

136. The foregoing deceptive acts and practices were directed at consumers.

137. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

138. As a result of Defendant's deceptive practices, the Hawaii Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

139. On behalf of herself and the Hawaii Subclass members, Plaintiff seeks to recover threefold the damages sustained, the $1,000 minimum recovery being inapplicable in a class action under Hawaii Revised Statutes § 480-13(c)(1), together with reasonable attorneys' fees and the costs of suit.

**COUNT IX**
**Violation of Idaho Code § 48-603**
**(On Behalf of Plaintiff and the Idaho Subclass)**

140. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

141. Idaho Code § 48-603 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

142. In its sale of the Products throughout the State of Idaho, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Idaho Code § 48-603.

143. The Idaho Subclass members are consumers who purchased Defendant's Products for their personal use.

144. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

145. The foregoing deceptive acts and practices were directed at consumers.

146. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

147. As a result of Defendant's deceptive practices, the Idaho Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

148. On behalf of herself and the Idaho Subclass members, Plaintiff seeks to recover the actual damages sustained by the class or a total for the class not exceeding $1,000, whichever is greater, as provided under Idaho Code § 48-608(1), together with restitution, punitive damages, and reasonable attorneys' fees and costs.

**COUNT X**
**Violation of Illinois Compiled Statutes Chapter 815 § 505/2**
**(On Behalf of Plaintiff and the Illinois Subclass)**

149. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

150. Illinois Compiled Statutes Chapter 815 § 505/2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

151. In its sale of the Products throughout the State of Illinois, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Illinois Compiled Statutes Chapter 815 § 505/2.

152. The Illinois Subclass members are consumers who purchased Defendant's Products for their personal use.

153. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

154. The foregoing deceptive acts and practices were directed at consumers.

155. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

156. As a result of Defendant's deceptive practices, the Illinois Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

157. On behalf of herself and the Illinois Subclass members, Plaintiff seeks to recover actual economic damages, and reasonable attorneys' fees and costs, as provided under Illinois Compiled Statutes Chapter 815 § 505/10a.

**COUNT XI**
**Violation of Kansas Statutes Annotated § 50-626**
**(On Behalf of Plaintiff and the Kansas Subclass)**

158. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

159. Kansas Statutes Annotated § 50-626 prohibits deceptive acts or practices in the conduct of any trade or commerce.

160. In its sale of the Products throughout the State of Kansas, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kansas Statutes Annotated § 50-626.

161. The Kansas Subclass members are consumers who purchased Defendant's Products for their personal use.

162. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

163. The foregoing deceptive acts and practices were directed at consumers.

164. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

165. As a result of Defendant's deceptive practices, the Kansas Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

166. Defendant knowingly represented that the Products possessed a particular composition, ingredient characteristic, and quantity—"ZERO SUGAR"—that the Products did not possess because they contain sugar in the form of allulose, a deceptive act specifically proscribed by Kansas Statutes Annotated § 50-626(b)(1)(A). On behalf of herself and the Kansas Subclass

members, Plaintiff seeks to recover the damages caused by that act and practice under Kansas Statutes Annotated § 50-634(d)(1), together with reasonable attorneys' fees under § 50-634(e).

## COUNT XII
## Violation of Kentucky Revised Statutes § 367.170
## (On Behalf of Plaintiff and the Kentucky Subclass)

167. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

168. Kentucky Revised Statutes § 367.170 prohibits unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

169. In its sale of the Products throughout the State of Kentucky, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kentucky Revised Statutes § 367.170.

170. The Kentucky Subclass members are consumers who purchased Defendant's Products for their personal use.

171. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

172. The foregoing deceptive acts and practices were directed at consumers.

173. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

174. As a result of Defendant's deceptive practices, the Kentucky Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

175. Defendant made the Zero Sugar Representation directly to Kentucky consumers on the Products' front labels. That representation was intended to induce purchases and formed part of the transactions in which Kentucky Subclass members purchased the Products from retailers. On behalf of herself and the Kentucky Subclass members, Plaintiff seeks actual damages, punitive damages, and reasonable attorneys' fees and costs under Kentucky Revised Statutes § 367.220.

**COUNT XIII**
**Violation of Maryland Commercial Law Code § 13-303**
**(On Behalf of Plaintiff and the Maryland Subclass)**

176. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

177. Maryland Commercial Law Code § 13-303 prohibits unfair or deceptive trade practices in the conduct of any trade or commerce.

178. In its sale of the Products throughout the State of Maryland, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Maryland Commercial Law Code § 13-303.

179. The Maryland Subclass members are consumers who purchased Defendant's Products for their personal use.

180. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

181. The foregoing deceptive acts and practices were directed at consumers.

182. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

183. As a result of Defendant's deceptive practices, the Maryland Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

184. On behalf of herself and the Maryland Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Maryland Commercial Law Code § 13-408.

**COUNT XIV**
**Violation of Michigan Compiled Laws § 445.903**
**(On Behalf of Plaintiff and the Michigan Subclass)**

185. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

186. Michigan Compiled Laws § 445.903 prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of any trade or commerce.

187. In its sale of the Products throughout the State of Michigan, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Michigan Compiled Laws § 445.903.

188. The Michigan Subclass members are consumers who purchased Defendant's Products for their personal use.

189. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products

contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

190. The foregoing deceptive acts and practices were directed at consumers.

191. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

192. As a result of Defendant's deceptive practices, the Michigan Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

193. On behalf of herself and the Michigan Subclass members, Plaintiff seeks to recover the actual damages caused by Defendant's unlawful methods, acts, and practices, as provided under Michigan Compiled Laws § 445.911(4).

**COUNT XV**
**Violation of Minnesota Statutes § 325F.69**
**(On Behalf of Plaintiff and the Minnesota Subclass)**

194. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

195. Minnesota Statutes § 325F.69 prohibits unfair, unconscionable, or deceptive trade practices in the conduct of any trade or commerce.

196. In its sale of the Products throughout the State of Minnesota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Minnesota Statutes § 325F.69.

197. The Minnesota Subclass members are consumers who purchased Defendant's Products for their personal use.

198. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

199. The foregoing deceptive acts and practices were directed at consumers.

200. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

201. As a result of Defendant's deceptive practices, the Minnesota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

202. This action benefits the public because Defendant made the Zero Sugar Representation to the consuming public at large, on the front label of every unit of the Products sold in Minnesota, and the relief sought will halt that misrepresentation as to all Minnesota consumers. On behalf of herself and the Minnesota Subclass members, Plaintiff seeks to recover actual damages, reasonable attorneys' fees, and costs, including costs of investigations, as provided under Minnesota Statutes § 8.31, subd. 3a.

## COUNT XVI
**Violation of Missouri Revised Statutes § 407.020**
**(On Behalf of Plaintiff and the Missouri Subclass)**

203. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

204. Missouri Revised Statutes § 407.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

205. In its sale of the Products throughout the State of Missouri, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Missouri Revised Statutes § 407.020.

206. The Missouri Subclass members are consumers who purchased Defendant's Products for their personal use.

207. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

208. The foregoing deceptive acts and practices were directed at consumers.

209. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

210. As a result of Defendant's deceptive practices, the Missouri Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

211. The Missouri Subclass members acted as reasonable consumers would in light of all the circumstances; Defendant's misrepresentations would cause a reasonable person to enter into the transaction that resulted in damages; and their individual damages are susceptible of calculation to a reasonable degree of certainty by reference to the price premium attributable to the Zero Sugar Representation. On behalf of herself and the Missouri Subclass members, Plaintiff seeks to recover actual damages, punitive damages, and reasonable attorneys' fees and costs, as

provided under Missouri Revised Statutes § 407.025.1, which claim Plaintiff asserts on a class-wide basis as authorized by Missouri Revised Statutes §§ 407.025.2 and 407.025.3.

**COUNT XVII**
**Violation of Nebraska Revised Statutes § 59-1602**
**(On Behalf of Plaintiff and the Nebraska Subclass)**

212. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

213. Nebraska Revised Statutes § 59-1602 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

214. In its sale of the Products throughout the State of Nebraska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nebraska Revised Statutes § 59-1602.

215. The Nebraska Subclass members are consumers who purchased Defendant's Products for their personal use.

216. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

217. The foregoing deceptive acts and practices were directed at consumers.

218. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

219. As a result of Defendant's deceptive practices, the Nebraska Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

220. On behalf of herself and the Nebraska Subclass members, Plaintiff seeks to recover actual damages, and up to $1,000 in additional damages if the actual damages are not susceptible to measurement by ordinary pecuniary standards, and reasonable attorneys' fees and costs, as provided under Nebraska Revised Statutes § 59-1609.

**COUNT XVIII**
**Violation of Nevada Revised Statutes § 598.0915**
**(On Behalf of Plaintiff and the Nevada Subclass)**

221. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

222. Nevada Revised Statutes § 598.0915 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

223. In its sale of the Products throughout the State of Nevada, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nevada Revised Statutes § 598.0915.

224. The Nevada Subclass members are consumers who purchased Defendant's Products for their personal use.

225. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

226. The foregoing deceptive acts and practices were directed at consumers.

227. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

228. As a result of Defendant's deceptive practices, the Nevada Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

229. On behalf of herself and the Nevada Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Nevada Revised Statutes § 41.600.

**COUNT XIX**
**Violation of New Hampshire Revised Statutes § 358-A:2**
**(On Behalf of Plaintiff and the New Hampshire Subclass)**

230. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

231. New Hampshire Revised Statutes § 358-A:2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

232. In its sale of the Products throughout the State of New Hampshire, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Hampshire Revised Statutes § 358-A:2.

233. The New Hampshire Subclass members are consumers who purchased Defendant's Products for their personal use.

234. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products

contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

235. The foregoing deceptive acts and practices were directed at consumers.

236. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

237. As a result of Defendant's deceptive practices, the New Hampshire Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

238. On behalf of herself and the New Hampshire Subclass members, Plaintiff seeks to recover actual damages, together with reasonable attorneys' fees, as provided under New Hampshire Revised Statutes § 358-A:10-a.

**COUNT XX**
**Violation of New Jersey Revised Statutes § 56:8-2**
**(On Behalf of Plaintiff and the New Jersey Subclass)**

239. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

240. New Jersey Revised Statutes § 56:8-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

241. In its sale of the Products throughout the State of New Jersey, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Jersey Revised Statutes § 56:8-2.

242. The New Jersey Subclass members are consumers who purchased Defendant's Products for their personal use.

243. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

244. The foregoing deceptive acts and practices were directed at consumers.

245. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

246. As a direct result of Defendant's deceptive practices, the New Jersey Subclass members suffered an ascertainable loss because they paid a price premium for Products worth less than represented and would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

247. On behalf of herself and the New Jersey Subclass members, Plaintiff seeks to recover threefold the damages sustained, together with reasonable attorneys' fees, filing fees, and reasonable costs of suit, as provided under New Jersey Revised Statutes § 56:8-19.

**COUNT XXI**
**Violation of New Mexico Statutes § 57-12-3**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

248. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

249. New Mexico Statutes § 57-12-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

250. In its sale of the Products throughout the State of New Mexico, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Mexico Statutes § 57-12-3.

251. The New Mexico Subclass members are consumers who purchased Defendant's Products for their personal use.

252. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

253. The foregoing deceptive acts and practices were directed at consumers.

254. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

255. As a result of Defendant's deceptive practices, the New Mexico Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

256. On behalf of herself and the New Mexico Subclass members, Plaintiff seeks, for herself as named plaintiff, actual damages or one hundred dollars, whichever is greater, and, because Defendant willfully engaged in the trade practice, up to three times actual damages or three hundred dollars, whichever is greater, as provided under New Mexico Statutes § 57-12-10(B) and (E); such actual damages as were suffered by each member of the class, as provided under New Mexico Statutes § 57-12-10(E); and reasonable attorney fees and costs, as provided under New Mexico Statutes § 57-12-10(C).

**COUNT XXII**
**Violation of North Carolina General Statutes § 75-1.1**
**(On Behalf of Plaintiff and the North Carolina Subclass)**

257. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

258. North Carolina General Statutes § 75-1.1 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

259. In its sale of the Products throughout the State of North Carolina, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Carolina General Statutes § 75-1.1.

260. The North Carolina Subclass members are consumers who purchased Defendant's Products for their personal use.

261. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

262. The foregoing deceptive acts and practices were directed at consumers.

263. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

264. As a result of Defendant's deceptive practices, the North Carolina Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

265. On behalf of herself and the North Carolina Subclass members, Plaintiff seeks judgment for treble the amount of damages fixed by the verdict, as provided under North Carolina General Statutes § 75-16, and reasonable attorneys' fees and costs, as provided under North Carolina General Statutes § 75-16.1.

**COUNT XXIII**
**Violation of North Dakota Century Code § 51-15-02**
**(On Behalf of Plaintiff and the North Dakota Subclass)**

266. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

267. North Dakota Century Code § 51-15-02 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

268. In its sale of the Products throughout the State of North Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Dakota Century Code § 51-15-02.

269. The North Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

270. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

271. The foregoing deceptive acts and practices were directed at consumers.

272. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

273. As a result of Defendant's deceptive practices, the North Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

274. On behalf of herself and the North Dakota Subclass members, Plaintiff seeks to recover actual damages, and up to three times the actual damages if the violation was committed knowingly, and reasonable attorneys' fees and costs, as provided under North Dakota Century Code § 51-15-09.

**<u>COUNT XXIV</u>**
**Violation of Oklahoma Statutes Title 15 § 753**
**(On Behalf of Plaintiff and the Oklahoma Subclass)**

275. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

276. Oklahoma Statutes Title 15 § 753 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

277. In its sale of the Products throughout the State of Oklahoma, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oklahoma Statutes Title 15 § 753.

278. The Oklahoma Subclass members are consumers who purchased Defendant's Products for their personal use.

279. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

280. The foregoing deceptive acts and practices were directed at consumers.

281. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

282. As a result of Defendant's deceptive practices, the Oklahoma Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

283. On behalf of herself and the Oklahoma Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Oklahoma Statutes Title 15 § 761.1.

**COUNT XXV**
**Violation of Oregon Revised Statutes § 646.608**
**(On Behalf of Plaintiff and the Oregon Subclass)**

284. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

285. Oregon Revised Statutes § 646.608 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

286. In its sale of the Products throughout the State of Oregon, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oregon Revised Statutes § 646.608.

287. The Oregon Subclass members are consumers who purchased Defendant's Products for their personal use.

288. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products

contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

289. The foregoing deceptive acts and practices were directed at consumers.

290. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

291. As a result of Defendant's deceptive practices, the Oregon Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

292. Defendant's use and employment of the unlawful methods, acts, and practices alleged herein were at a minimum reckless or knowing as to the Oregon Subclass members, each of whom sustained an ascertainable loss of money or property as a result. On behalf of herself and the Oregon Subclass members, Plaintiff seeks to recover actual damages, or statutory damages of $200 if that is greater, as provided under Oregon Revised Statutes § 646.638(1) and (8)(a), together with punitive damages and reasonable attorneys' fees and costs.

## COUNT XXVI
## Violation of Pennsylvania Statutes Title 73 § 201-3
## (On Behalf of Plaintiff and the Pennsylvania Subclass)

293. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

294. Pennsylvania Statutes Title 73 § 201-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

295. In its sale of the Products throughout the State of Pennsylvania, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Pennsylvania Statutes Title 73 § 201-3.

296. The Pennsylvania Subclass members are consumers who purchased Defendant's Products for their personal use.

297. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

298. The foregoing deceptive acts and practices were directed at consumers.

299. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

300. The Pennsylvania Subclass members saw and justifiably relied on the Zero Sugar Representation on the Products' front labels before purchasing the Products. As a direct result of Defendant's deceptive practices, they suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

301. On behalf of herself and the Pennsylvania Subclass members, Plaintiff seeks to recover actual damages, or $100 if that is greater, and up to three times the actual damages in the Court's discretion, and reasonable attorneys' fees and costs, as provided under Pennsylvania Statutes Title 73 § 201-9.2.

**COUNT XXVII**
**Violation of Rhode Island General Laws § 6-13.1-2**
**(On Behalf of Plaintiff and the Rhode Island Subclass)**

302. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

303. Rhode Island General Laws § 6-13.1-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

304. In its sale of the Products throughout the State of Rhode Island, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Rhode Island General Laws § 6-13.1-2.

305. The Rhode Island Subclass members are consumers who purchased Defendant's Products for their personal use.

306. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

307. The foregoing deceptive acts and practices were directed at consumers.

308. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

309. As a result of Defendant's deceptive practices, the Rhode Island Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

310. On behalf of herself and the Rhode Island Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, treble damages, and reasonable attorneys' fees and costs, as provided under Rhode Island General Laws § 6-13.1-5.2.

**COUNT XXVIII**
**Violation of South Dakota Codified Laws § 37-24-6**
**(On Behalf of Plaintiff and the South Dakota Subclass)**

311. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

312. South Dakota Codified Laws § 37-24-6 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

313. In its sale of the Products throughout the State of South Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of South Dakota Codified Laws § 37-24-6.

314. The South Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

315. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

316. The foregoing deceptive acts and practices were directed at consumers.

317. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

318. As a result of Defendant's deceptive practices, the South Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

319. On behalf of herself and the South Dakota Subclass members, Plaintiff seeks to recover actual damages, as provided under South Dakota Codified Laws § 37-24-31.

**COUNT XXIX**
**Violation of Vermont Statutes Title 9 § 2453**
**(On Behalf of Plaintiff and the Vermont Subclass)**

320. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

321. Vermont Statutes Title 9 § 2453 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

322. In its sale of the Products throughout the State of Vermont, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Vermont Statutes Title 9 § 2453.

323. The Vermont Subclass members are consumers who purchased Defendant's Products for their personal use.

324. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

325. The foregoing deceptive acts and practices were directed at consumers.

326. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

327. As a result of Defendant's deceptive practices, the Vermont Subclass members suffered an economic injury because they would not have purchased the Products, or would have

paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

328. On behalf of herself and the Vermont Subclass members, Plaintiff seeks to recover actual damages, or the consideration given for the Products, reasonable attorneys' fees and costs, and exemplary damages not exceeding three times the value of that consideration, as provided under Vermont Statutes Title 9 § 2461(b).

**COUNT XXX**
**Violation of Virginia Code § 59.1-200**
**(On Behalf of Plaintiff and the Virginia Subclass)**

329. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

330. Virginia Code § 59.1-200 prohibits fraudulent acts or practices by suppliers in connection with consumer transactions. Defendant is a supplier, and the purchases of the Products by Virginia Subclass members were consumer transactions within the meaning of the statute.

331. In its sale of the Products throughout the State of Virginia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Virginia Code § 59.1-200.

332. The Virginia Subclass members are consumers who purchased Defendant's Products for their personal use.

333. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

334. The foregoing deceptive acts and practices were directed at consumers.

335. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

336. As a result of Defendant's deceptive practices, the Virginia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

337. On behalf of herself and the Virginia Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, or if the violation was willful, treble damages or $1,000, whichever is greater, as well as reasonable attorneys' fees and costs, as provided under Virginia Code § 59.1-204.

**COUNT XXXI**
**Violation of Revised Code of Washington § 19.86.020**
**(On Behalf of Plaintiff and the Washington Subclass)**

338. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

339. Revised Code of Washington § 19.86.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

340. In its sale of the Products throughout the State of Washington, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Revised Code of Washington § 19.86.020.

341. The Washington Subclass members are consumers who purchased Defendant's Products for their personal use.

342. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products

contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

343. The foregoing deceptive acts and practices were directed at consumers.

344. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

345. As a result of Defendant's deceptive practices, the Washington Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

346. On behalf of herself and the Washington Subclass members, Plaintiff seeks to recover actual damages, together with such increase in the damages award as the Court may in its discretion allow, up to three times the actual damages sustained and not exceeding $25,000, as well as reasonable attorneys' fees and costs, as provided under Revised Code of Washington § 19.86.090.

**COUNT XXXII**
**Violation of D.C. Code § 28-3904**
**(On Behalf of Plaintiff and the District of Columbia Subclass)**

347. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

348. District of Columbia Code § 28-3904 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

349. In its sale of the Products throughout the District of Columbia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of District of Columbia Code § 28-3904.

350. The District of Columbia Subclass members are consumers who purchased Defendant's Products for their personal use.

351. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' front labels that the Products contain "ZERO SUGAR." Despite the Zero Sugar Representation, the Products contain sugar in the form of allulose. The Products do not conform to the Zero Sugar Representation.

352. The foregoing deceptive acts and practices were directed at consumers.

353. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the nature, composition, sugar content, quality, and value of the Products.

354. As a result of Defendant's deceptive practices, the District of Columbia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known that the Products contained sugar and did not conform to the Zero Sugar Representation.

355. On behalf of herself and the District of Columbia Subclass members, Plaintiff seeks to recover treble damages or $1,500 per violation, whichever is greater, as well as punitive damages and reasonable attorneys' fees and costs, as provided under District of Columbia Code § 28-3905(k)(2).

**COUNT XXXIII**
**Intentional Misrepresentation**
**(On Behalf of Plaintiff and the Nationwide Class)**

356. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

357. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

358. Defendant represented on the Products' front labels that the Products contain "ZERO SUGAR." That representation was false or misleading because the Products contain sugar in the form of allulose and do not conform to the Zero Sugar Representation.

359. The Zero Sugar Representation was material because it concerned the Products' sugar content, composition, quality, healthfulness, and value and was important to reasonable consumers' purchasing decisions.

360. Defendant knew the Zero Sugar Representation was false or misleading or acted recklessly without regard to its truth. Defendant intended consumers to rely on it, as shown by its conspicuous placement on the Products' principal display panels.

361. Plaintiff and Class Members reasonably and justifiably relied on the Zero Sugar Representation when purchasing the Products. Had they known the truth, they would not have purchased the Products or would have paid less. As a direct and proximate result, they suffered economic losses, including the amounts paid and any interest that would have accrued on those funds, in an amount to be proven at trial.

**COUNT XXXIV**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

362. Plaintiff hereby incorporates the foregoing paragraphs as if fully set forth herein.

363. Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under New York law or, in the alternative, under the substantially similar laws of the states applicable to members of the Nationwide Class.

364. To the extent required, Plaintiff asserts this cause of action in the alternative to her legal claims, as permitted by Federal Rule of Civil Procedure 8.

365. Defendant's false and misleading Zero Sugar Representation caused Plaintiff and Class Members to pay a price premium for the Products.

366. Defendant thereby received a direct and unjust benefit at the expense of Plaintiff and Class Members.

367. Plaintiff and Class Members seek the return of that unjust benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

a) For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Classes, and Plaintiff's Counsel as Class Counsel;

b) For an order declaring that Defendant's conduct violates each of the statutes referenced herein;

c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d) For damages available under the asserted causes of action;

e) For prejudgment interest on all amounts awarded;

f) For restitution to the extent permitted by applicable law;

g) For injunctive relief as pleaded or as the Court may deem proper, including an order requiring Defendant to cease labeling, marketing, and selling the Products with the Zero Sugar Representation and to make affirmative disclosures sufficient to dispel the public misperception created by Defendant's conduct;

h) For an order awarding Plaintiff's and the Classes' reasonable attorneys' fees, expenses, and costs of suit; and

i) For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: September 1, 2026

Respectfully submitted,

**GUCOVSCHI LAW FIRM, PLLC**

*By: /s/ Adrian Gucovschi*
Adrian Gucovschi, Esq.
165 Broadway, 23rd Floor
New York, NY 10006
Telephone: (212) 884-4230
Email: adrian@gucovschilaw.com

**BURSOR & FISHER, P.A.**
Caroline C. Donovan
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: cdonovan@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher *(Pro hac vice forthcoming)*
Joshua B. Glatt *(Pro hac vice forthcoming)*
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
jglatt@bursor.com

*Counsel for Plaintiff and the Classes*